UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

FOUND STUDY TURTLE BAY, LLC,

Defendant.

26-CV-223 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* files this action asserting claims under the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617 ("FHA"), against Defendant Found Study Turtle Bay, LLC. By order dated January 15, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff has also filed various motions: two motions requesting preliminary injunctive relief (ECF 4 and 12), a motion seeking assignment of this case (ECF 9), and motions to compel adjudication of the motion for preliminary injunctive relief (ECF 10 and 11). For the following reasons, the Court dismisses Plaintiff's action, denies Plaintiff's motions for preliminary injunctive relief, and denies the motions for assignment and adjudication as moot.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure, however, still requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND[1]

Defendant Found Study Turtle Bay, LLC operates residential housing facilities for students in New York City. (ECF 1 ¶ 8.) The Court takes notice of Plaintiff's lawsuit against New York Institute of Technology ("NYIT") and Tiffani Hinds ("Hinds"), a NYIT employee, *Moody v. N.Y. Inst. of Tech.*, No. 25-CV-8730 (MMG) (SN) (S.D.N.Y.). From Plaintiff's allegations in *N.Y. Inst. of Tech.*, the Court understands Plaintiff to have lived in one of Defendant's facilities in

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Manhattan (ECF 1 ¶ 7) while he was an NYIT student. Defendant handled Plaintiff's mail. (*Id.* ¶ 21.)

On May 23, 2025, Plaintiff notified "housing administration"[2] in writing that "he was medically impaired following skull-based surgery and ongoing post-operative complications that materially limited his ability to travel, retrieve property, and comply with rigid housing timelines." (*Id.* ¶ 9.) "[H]ousing leadership"[3] "internally acknowledged" Plaintiff's written notice of his medical condition and coordinated with Defendant. (*Id.* ¶ 10.) Defendant "operated with actual knowledge that Plaintiff was a medically impaired resident whose housing services required heightened safeguards and reasonable accommodation." (*Id.* ¶ 11.) "Despite this knowledge, [Defendant] did not initiate any interactive process, escalation protocol, or protective measures." (*Id.* ¶ 12.)

Between June and August 2025, "non-housing university administrators"[4] sent "communications purporting to impose housing consequences, deadlines, and property removal." (*Id.* ¶ 13.) Defendant "never provided Plaintiff with a . . . notice explaining his housing status, the location of his belongings, or the procedures necessary to safeguard or retrieve them in light of his medical impairment." (*Id.* ¶ 16.)

While Plaintiff was "medically impaired and out of state," Defendant allowed Plaintiff's belongings to be removed from his room and to "another campus location."[5] At least one of Plaintiff's items was damaged during this process. (*Id.* ¶ 20.)

---

[2] The Court construes "housing administration" to refer to NYIT housing administration.

[3] The Court also construes "housing leadership" to refer to NYIT housing leadership.

[4] The Court construes "non-housing university administrators" to refer to NYIT administrators concerning matters unrelated to housing.

[5] The Court construes "another campus location" to refer to another NYIT location.

Plaintiff alleges that he "remains in possession of his housing key." (*Id.* ¶ 25.) Defendant "never contact[ed] Plaintiff regarding key return, deactivation, or alternative procedures despite knowing Plaintiff was medically impaired and unable to return in person." (*Id.* ¶ 26.)

## DISCUSSION

### A. Complaint

Plaintiff alleges that he notified Defendant of his medical condition and that Defendant allowed Plaintiff's personal belongings to be removed from his room and mishandled Plaintiff's mail (ECF 1 at 2 ¶ 9, 3 ¶ 18, 4 ¶ 24), asserting that Defendant's conduct constitutes violations of the FHA. Plaintiff's allegations are conclusory, failing to plausibly suggest that Defendant violated the FHA.

#### 1. FHA – Reasonable Accommodation

Section 3604(f) of the FHA prohibits discrimination "against any person in the terms, conditions, or privileges of . . . rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of" that person's disability." 42 U.S.C. § 3604(f)(2)(A). Such discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To state a claim under the FHA for failure to provide reasonable accommodation for a plaintiff's disability, a plaintiff must allege facts showing:

> (1) that the plaintiff . . . had a [disability, as defined by the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the [disability]; (3) that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation.

*Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014). An accommodation is necessary when "but for the accommodation," a plaintiff "likely will be denied an equal opportunity to enjoy the housing of their choice." *Id.* (citation and quotation omitted).

First, Plaintiff's allegations do not adequately plead a disability under the FHA, which defines disability as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1). FHA regulations define major life activities as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 24 C.F.R. § 100.201(b). A substantially limiting impairment is one that "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives" and is "permanent or long term." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002), *overturned due to legislative action,* Americans with Disabilities Act Amendments Act of 2008, PL 110–325, September 25, 2008, 122 Stat 3553 ("ADAAA") (2009); *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 42–43 n. 13 (2d Cir. 2015) (citing *Toyota Motor* and noting that "the FHA was not similarly amended and so our FHA interpretation is still guided by pre-ADAAA cases, including *Toyota Motor*").

Plaintiff's conclusory allegations that he was "medically impaired" after "skull-based surgery"[6] and "ongoing" post-surgery complications and that this impairment "limited his ability to travel, retrieve property, and comply with rigid housing timelines" (ECF 1 ¶ 9), do not plausibly plead a permanent or long-term impairment that prevented or severely restricted a major life activity within the meaning of the FHA. *Cf. Shapiro v. Cadman Towers, Inc.*, 844 F.

[6] In another action, Plaintiff alleges he had sinus surgery. *See, e.g.*, *Moody v. The Mount Sinai Hosp.*, No. 25-CV-8869 (JHR) (VF) (S.D.N.Y. filed Oct. 27, 2025).

Supp. 116, 123 (E.D.N.Y. 1994) ("multiple sclerosis is a handicap which may substantially limit a person's major life activities"), *aff'd,* 51 F.3d 328 (2d Cir. 1995). Plaintiff has therefore not adequately pleaded a disability under the FHA.

Even assuming Plaintiff pleaded disability, Plaintiff's conclusory allegations do not plausibly suggest that Defendant denied Plaintiff services in connection with his dwelling based on his disability. Plaintiff alleges that "[o]n or about October 28, 2024, [Defendant] demonstrated its ability to act promptly and decisively in housing-related matters involving non-disabled residents" but does not describe the events or Defendant's conduct on or around this date to allow the Court to plausibly infer that Defendant "fail[ed] to act" by "choice." (ECF 1 ¶¶ 29–30.)

Nor has Plaintiff pleaded facts suggesting that Plaintiff had even asked Defendant for an accommodation or that, without the requested accommodation, he was denied an equal opportunity to enjoy the dwelling. Plaintiff pleads only that Defendant allowed others[7] to remove Plaintiff's personal belongings from Plaintiff's room while he was "out of state." (ECF 1 ¶¶ 17–18.) This does not allege that Plaintiff requested a reasonable accommodation from Defendant or that Defendant denied this request.

Plaintiff fails to state a claim for failure to accommodate his disability under the FHA, and the Court therefore dismisses this claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. FHA – Interference, Coercion, or Intimidation**

Plaintiff's allegations also fail to plausibly suggest that Defendant interfered with Plaintiff's rights under the FHA. Section 3617 prohibits coercion, intimidation, threatening, or

[7] Based on Plaintiff's action against NYIT, Plaintiff's belongings were removed, presumably at NYIT's direction and in accordance with "communications purporting to impose housing consequences, deadlines, and property removal." (ECF 1 at 3 ¶ 13.)

interference with any person exercising or enjoying rights granted or protected by Section 3604 of the FHA. 42 U.S.C. § 3617. Stating a claim under Section 3617 requires Plaintiff to show that he "(1) engaged in protected activity, (2) the defendant was aware of this activity, (3) the defendant took adverse action against [him], and (4) a causal connection exists between the protected activity and the adverse action." *Avila v. Acacia Network*, No. 23-CV-10260 (PAE) (KHP), 2025 WL 2161280, at *4 (S.D.N.Y. Mar. 28, 2025) (internal citations omitted), *report and recommendation adopted sub nom. Avila v. Acacia Network, Inc.*, No. 23- CIV-10260 (PAE), 2025 WL 2233987 (S.D.N.Y. Aug. 6, 2025).

Here, Plaintiff has not sufficiently pleaded a claim under Section 3617 because he does not plead any facts suggesting that Defendant was aware of Plaintiff's engaging in any protected activity. Plaintiff only alleges in a conclusory manner that Defendant was on notice of Plaintiff's medical condition but that Defendant did not respond to this notification. Plaintiff does not allege that he asked Defendant to accommodate his purported disability or describe the nature of any accommodation he required. Moreover, Plaintiff does not allege that Defendant took adverse action against him, only suggesting that Defendant allowed others, presumably from NYIT, who are not parties here, to take action by removing Plaintiff's personal belongings from his room while Plaintiff was out of state.

Because Plaintiff fails to state a claim under Sections 3604 and 3617 of the FHA, the Court dismisses the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**3. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" [quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)]).

**B. Preliminary Injunctive Relief**

Finally, the Court denies Plaintiff's motions for preliminary injunctive relief. To obtain preliminary injunctive relief, Plaintiff must show: (a) that he is likely to suffer irreparable harm and (b) either (1) a likelihood of success on the merits of his case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. For the reasons stated above, Plaintiff's allegations do not state a claim under the FHA; Plaintiff therefore cannot show a likelihood of success on the merits. Plaintiff's motions for preliminary injunctive relief (ECF 4 and 12) are thus denied.

**C. Assignment and Adjudication**

While Plaintiff's action was pending assignment to a judge, Plaintiff filed two motions requesting "immediate assignment" (ECF 9 at 3) and "an order compelling adjudication" (ECF 10 at 1) of his motion for preliminary injunctive relief (ECF 4). In any event, since the motions were filed, the action has been assigned to a judge and, as discussed, the complaint is dismissed and the motions for preliminary injunctive relief are denied. Plaintiff's motions seeking assignment and adjudication are therefore denied as moot.

**D. Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010); Specifically, a *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009). Courts may decline to grant leave to amend where a plaintiff repeatedly brings claims that have previously been dismissed. *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) (noting that unmistakably defective pleadings and serial litigation that reasserts previously dismissed claims can be bases for *sua sponte* dismissals of actions without notice and opportunity to respond, and that a plaintiff's litigation history with findings of factual frivolousness can put a plaintiff on "constructive notice that his claims were vulnerable to dismissal," "making "no-notice *sua sponte* dismissal . . . appropriate") (citing

*Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), and *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)).

Here, Plaintiff's prolific history of litigation in this court suggests that he is owed little, if any, solicitude.[8] The dismissal of Plaintiff's action against NYIT also suggests that amendment would be futile here. *See Moody v. N.Y. Inst. of Tech.*, No. 25-CV-8730 (MMG) (SN), ECF 114 (S.D.N.Y. Jun. 29, 2026) (recommending dismissal of all claims and of claims against Hinds under the Americans with Disabilities Act and Rehabilitation Act with prejudice and noting Plaintiff's pattern of filing repetitive and non-meritorious motions). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] Plaintiff has filed twenty-two cases in this Court, raising disability-based claims in thirteen of them. *See Moody v. N.Y. Inst. of Tech.*, No. 25-CV-8730 (MMG) (SN) (S.D.N.Y.); *Moody v. Starbucks Corp.*, No. 25-CV-8739 (PAE) (BCM) (S.D.N.Y.); *Moody v. The Mount Sinai Hosp.*, No. 25-CV-8859 (JHR) (VF), ECF 66 (S.D.N.Y. Jul. 8, 2026) (barring Plaintiff from filing submissions in four actions without prior permission from the Court); *Moody v. Verizon Commc'ns Inc.*, No. 26-CV-0159 (GHW) (S.D.N.Y.); *Moody v. Clerk of Ct., U.S. Dist. Ct. for the S.D.N.Y.*, No. 26-CV-0221 (LLS) (S.D.N.Y.); *Moody v. Boudewyns*, 26-CV-222 (LTS) (S.D.N.Y.); *Moody v. Broadview Fed. Credit Union*, No. 26-CV-0282 (LTS) (S.D.N.Y.); *Moody v. Northwell Health, Inc.*, No 26-CV-0283 (LLS) (S.D.N.Y.); *Moody v. Emory Healthcare, Inc.*, No. 26-CV-1478 (LTS), ECF 9 (S.D.N.Y. Apr. 8, 2026) (dismissed for improper venue); *Moody v. Northeast Atlanta Ear, Nose & Throat, P.C.*, No. 26-CV-1480 (LTS) (S.D.N.Y.); *Moody v. Northeast Georgia ENT, P.C.*, No. 26-CV-1481 (LTS), ECF 9 (S.D.N.Y. Apr. 8, 2026) (dismissed for improper venue); *Moody v. Northside Hospital, Inc.*, No. 26-CV-1483 (LTS), ECF 12 (S.D.N.Y. Apr. 27, 2026) (dismissed for improper venue); *Moody v. Suwanee Ear, Nose & Throat, P.C.*, No. 26-CV-1484 (LTS) ECF 12 (S.D.N.Y. Jul. 13, 2026) (same).

Plaintiff's requests for a preliminary injunction and temporary restraining order (ECF 4 and 12) are denied. Plaintiff's motions for assignment and adjudication (ECF 9–10) are denied as moot. The Clerk of Court is directed to terminate these motions (ECF 4, 9–10, 12).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 21, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge